PATTERSON, Judge.
Linda Leslie appeals from an order withholding adjudication and placing her on probation for possession of marijuana. She contends that the trial court erred in denying her motion to suppress evidence because her consent to search was not voluntary. We agree and reverse.
At the suppression hearing, the parties presented the following evidence. A K-9 dog alerted to a package mailed from Tennessee to Linda Leslie in Zolfo Springs, Florida. Pursuant to a federal search warrant, postal authorities opened the package and found $13,000 in currency. Believing that the money was in payment for narcotics, the Hardee County Sheriffs Department secured an order to put a tracking device inside the package of money. The sheriffs department placed a tracking device and $3,000 in a new priority mail envelope. The device would be set off when the package was opened.
On November 1, 1994, eight officers (including a postal inspector) staked out Leslie’s ten-acre .property. A postal carrier delivered the new package to Leslie’s trailer at approximately 1:30 p.m. The officers planned to go into the residence when the tracking device went off and either receive a consent to search for the package or go and get a search warrant.
At 5:30 p.m., five to six officers approached Leslie’s trailer wearing black camouflage gear, and at least one of the men carried an automatic rifle. Leslie was scared and didn’t know what they wanted. She informed the officers that she had a migraine headache and wanted to lie down. When asked about the package, she told the officers she had not yet opened it. When asked if she knew that there was $13,000 in the package, she explained that perhaps her sister-in-law in Tennessee had sent the money to her to hold because her sister-in-law was leaving her husband. After refusing to consent to a search of her home, an officer ordered everyone to come out of the trailer.
In the home were Leslie’s two daughters, ages ten and fourteen, her mother-in-law, and her brother-in-law, Kevin. Kevin was manic depressive and paranoid schizophrenic. He had been institutionalized four times and was under heavy medication. Kevin was shaking when he came out of the trailer. Leslie was concerned that he was about to have an emotional attack and that if he “went off’ he might get shot. In addition, the *1348 mosquitoes were very heavy that evening, and Leslie informed the officers that the mosquitoes carried encephalitis. Deputy Crawford told Leslie that she and her family would have to stay outside for two to three hours while he obtained a warrant. Leslie testified that she took this as a threat, and she consented to a search because of her migraine and her concern for her family.
During the search, officers found marijuana and paraphernalia in Leslie’s bedroom. The state charged Leslie with possession of cannabis in excess of twenty grams and possession of drug paraphernalia. After the denial of her motion to suppress evidence, Leslie pleaded nolo contendere to possession of less than twenty grams of cannabis and specifically reserved her right to appeal the denial of the motion to suppress.
We first question the authority of law enforcement to remain on Leslie’s property after she had denied them access to her home. Assuming that they had the initial right to enter onto the property for the purpose of seeking Leslie’s cooperation, their authority to remain terminated when she refused. Second, the officers had no probable cause to believe contraband was inside the house. Currency is not contraband. The officers had no basis to obtain a search warrant, and telling Leslie that she and her family would be required to remain outside in swarms of mosquitoes was not only an empty threat, but also was clearly intended to coerce Leslie’s consent to search the premises. It is clear from this record that the consent eventually obtained was not freely and voluntarily given. See Reynolds v. State, 592 So.2d 1082 (Fla.1992). Thus, it was error to deny the motion to suppress.
Reversed and remanded.
RYDER, A.C.J., and DANAHY, J., concur.